IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                     Nos. 96-40082-01-SAC

THOMAS W. HARRIS,

        Defendant.

MEMORANDUM AND ORDER

The defendant Thomas W. Harris moves to vacate his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551(2015)[1]. (Dk. 186). Mr. Harris was convicted on pleas of guilty to counts one through five of the indictment that charged him with three counts (1, 3 and 5) of violating 18 U.S.C. § 1951 (Hobbs Act robbery) and two counts (2 and 4) of violating 18 U.S.C. § 924(c) (Possession of a firearm during a crime of violence), and he was sentenced to a total term of 360 months custody. (Dk. 159). Mr. Harris filed a direct appeal which was dismissed. (Dk. 179). This is the first § 2255 motion filed by Mr. Harris.

---

[1] The Supreme Court in *Johnson* invalidated as unconstitutionally vague the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), and this holding was made retroactive to ACCA cases on collateral review by *Welch v. United States*, ---U.S.---, 136 S.Ct. 1257 (2016).

Mr. Harris asks the court to vacate his § 924(c) convictions because he believes his three Hobbs Act robbery convictions do not meet the definition of a crime of violence under § 924(c)(3). Specifically, he contends a § 1951(a) and (b)(1) Hobbs Act robbery conviction does not require proof of violent physical force as required by § 924(c)(3)(A). As for any fallback argument by the government that his Hobbs Act robbery convictions qualify under the residual clause of § 924(c)(3)(B), Mr. Harris relies on *Johnson* and its holding that such language is unconstitutionally vague.

The issue is framed by the following statutory language. Section 924(c)(1)(A) provides that, "any person who, during and in relation to any crime of violence . . ., uses or carries a firearm, . . ., shall, in addition to the punishment provided for such crime of violence" be subject to an additional sentence. Section 924(c)(3) defines a "crime of violence," in part, as a felony offense that, "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another." The Hobbs Act robbery provision, 18 U.S.C. § 1951(b)(1), defines robbery, in part, as, "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, . . . ." In effect, the defendant's position would have the court hold that all Hobbs Act robbery convictions under § 1951(b)(1) fail to meet the "crime of violence" definition in § 924(c)(3)(A), because the statutory elements allow for the offense to be

2

committed not just by the threatened use of physical force but also by the "threatened . . . fear of injury." From what the parties have provided and from its own research, the court is convinced the overwhelming weight of precedential authority is against the defendant's position that a Hobbs Act robbery conviction does not qualify as a "crime of violence" under the elements definition.

In making this determination, courts employ the categorical approach to the elements of the predicate offense and not to the particular facts of the offense. *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017), *petition for cert. docketed*, No. 16-8616 (Apr. 6, 2017). In *Harris*, the Tenth Circuit looked to recent Supreme Court precedent in applying the categorical approach to an elements clause determination:

> A two-step inquiry resolves whether Colorado's robbery statute requires physical force as that term is used in the ACCA: we must identify the minimum "force" required by Colorado law for the crime of robbery and then determine if that force categorically fits the definition of physical force. *See Moncrieffe v. Holder*, ––– U.S. ––––, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) ("Because we examine what the state conviction necessarily involved ... we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." (alterations in original) (emphasis added)). The Supreme Court has reminded us that in construing the minimum culpable conduct, such conduct only includes that in which there is a "realistic probability, not a theoretical possibility" the state statute would apply. *Id.* at 1685 (citation omitted). Decisions from the state supreme court best indicate a "realistic probability," supplemented by decisions from the intermediate-appellate courts.

844 F.3d at 1264. The Tenth Circuit in *Harris* referenced both *Johnson*, 559 U.S. at 143, and Justice Scalia's concurrence in *United States v. Castleman*, ---U.S.---, 134 S.Ct. 1405, 1421-22 (2014), in arriving at an "understanding of 'physical force' in mind—that is, physical force means violent force, or force capable of causing physical pain or injury to another person . . . ." 844 F.3d at 1265-66. Thus, "the categorical approach requires us to consider the minimum conduct necessary for a conviction of the predicate offense (in this case, a Hobbs Act robbery), and then to consider whether such conduct amounts to a crime of violence under § 924(c)(3)(A)." *United States v. Hill*, 832 F.3d 135, 139 (2nd Cir. 2016). In deciding whether a Hobbs Act robbery categorically qualifies as a crime of violence under the force clause, the Second Circuit similarly said:

> One final point remains. Critically, the Supreme Court has made clear in employing the categorical approach that to show a predicate conviction is not a crime of violence "requires more than the application of legal imagination to [the] . . . statute's language." *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). As relevant here, there must be "a realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a crime of violence. *Id*. To show that a particular reading of the statute is realistic, a defendant "must at least point to his own case or other cases in which the … courts in fact did apply the statute in the … manner for which he argues." *Id*. To that end, the categorical approach must be grounded in reality, logic, and precedent, not flights of fancy. *See Moncrieffe v. Holder*, ––– U.S. ––––, 133 S.Ct. 1678, 1684–85, 185 L.Ed.2d 727 (2013) (noting that "focus on the minimum conduct criminalized by the [relevant] statute is not an invitation to apply 'legal imagination' to the … offense" (quoting *Duenas–Alvarez*, 549 U.S. at 193, 127 S.Ct. 815)).

*Hill*, 832 F.3d at 139–40.

The defendant's motion rests on two primary arguments. First, the commission of a Hobbs Act robbery by threatening injury is insufficient to meet the element of force. Second, the amount of force required for a § 1951 violation falls short of the physical force required under § 924(c)(3). On the first argument, the defendant relies on *United States v. Perez-Vargas*, 414 F.3d 1282, 1285 (10th Cir. 2005)("statute looks to the consequences of the conduct, however applied, whereas the Guidelines look to the type of conduct that causes the injury") and on the Tenth Circuit's application of this in *United States v. Zuniga-Soto*, 527 F.3d 1110, 1125-26 n. 3 (10th Cir. 2008)("Because section 22.01(a)(1) of the Texas Penal Code [Texas assault statute] permits convictions based on the mere causation of physical injury without proof of the use, attempted use, or threatened use of physical force, it does not qualify as a crime of violence . . . ."). In the face of the unbroken consensus of circuit opinions to the contrary, the defendant maintains these opinions are an adequate basis for believing the Tenth Circuit would reach a different conclusion and hold that a Hobbs Act robbery does not categorically qualify as a crime of violence. As for the Tenth Circuit's recent unpublished decision, *United States v. Moreno*, 665 Fed. Appx. 678 (10th Cir. Nov. 10, 2016), which squarely holds that a § 1951 robbery is a "crime of violence" under § 924(c)(3)(A), the defendant dismisses it as not controlling because it fails to address his arguments. The court has considered all of the parties' cited case law. The court is not

persuaded by the defendant's efforts at elevating some vague and conclusory language from *Perez-Vargas* and *Zuniga-Soto* into some hard and fast final rule intended for general application. Moreover, the rule as argued here hardly stands up to the overwhelming weight of judicial decisions to the contrary. The court chooses not to belabor this order with any additional analysis of the defendant's arguments.[2] Instead, this order will lay out the persuasive line of precedent for a Hobbs Act robbery categorically qualifying under § 924(a)(3).

First, and not the least, is the Tenth Circuit's recent unpublished decision in *United States v. Moreno*, 665 Fed. Appx. 678 (10th Cir. Nov. 10, 2016), in which the circuit panel denied a certificate of appealability ("COA") from the district court's holding on essentially the same arguments made by Mr. Harris here. Mr. Moreno argued that his predicate Hobbs Act robbery offense did not qualify as a crime of violence under the elements definition of § 924(c)(3)(A) and that the residual clause in § 924(c)(3)(B) was

---

[2] Suffice it to say, the court agrees that the Supreme Court's decision in *United States v. Castleman*, 134 S.Ct. 1405 (2014), limits *Perez-Vargas* insofar its holding stands for "deliberate applications of physical force through indirect means are not a use of physical force against the person of another." *See Pikyavit v. United States*, 2017 WL 1288559, at *7 (D. Utah Apr. 4, 2017), *appeal pending*. The court also agrees with Judge Melgren that the defendant's position overstates *Perez-Vargas* in looking only at the statutory language and not considering court decisions applying it. *United States v. Corral-Garcia*, 2017 WL 1437330 at *8 (D. Kan. Apr. 24, 2017). Specifically, there is the Tenth Circuit holding in *United States v. Thomas*, 849 F.3d 906, 909 (10th Cir. Feb. 27, 2017), that, "[v]iolent force is required to sustain a conviction under the Hobbs Act." Moreover, the court takes an approach grounded in reality, logic and precedent instead of getting lost in the fanciful imaginings of what may constitute the fear of bodily injury. Indeed, the balance of § 1951's definition of robbery, "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will," means the ordinary case of robbery that puts one in fear of bodily injury will also involve an explicit or implicit threat of physical force. This is same conclusion sustained by the weight of precedential authority cited hereafter.

unconstitutionally vague under *Johnson*. The district court ruled that the Hobbs Act robbery offense charged in count one qualified as a crime of violence "because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 665 Fed. Appx. at 679. Mr. Moreno appealed the denial of his § 2255 motion and his COA request. The Tenth Circuit affirmed finding that reasonable jurists would not disagree with the district court's assessment of Mr. Moreno's constitutional claims:

> The district court correctly held that robbery, as defined in § 1951, qualifies as a "crime of violence" under § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Accordingly, Count 2 was not predicated on § 924(c)(3)(B). Although Mr. Moreno argued to the contrary and asserted his guilty plea did not fall within § 924(c)(3)(A), the district court concluded this "argument is not persuasive because it contradicts the plain language of § 1951 and § 924."
> We agree. The elements of Count 1—particularly the definition of robbery, which requires use of actual or threatened force or violence—parallel the requirements for finding a "crime of violence" under § 924(c)(3)(A). Thus, Count 1 provided the necessary crime of violence to support Mr. Moreno's guilty plea on Count 2. Mr. Moreno's challenges under *Johnson* do not change our analysis because Count 1 qualifies as a "crime of violence" under § 924(c)(3)(A) regardless of any potential vagueness in § 924(c)(3)(B).

*Moreno*, 665 Fed. Appx. at 681. This holding squarely rejects the position now argued by Mr. Harris here. *See also United States v. McGuire*, ---Fed. Appx.---, 2017 WL 429251, at *2 (10th Cir. Feb. 1, 2017) ("[F]ederal bank robbery conviction qualifies as a predicate offense under the elements clause of § 4B1.2(1)(i) because it contains, as an element, the use or threatened

7

use of force." (footnote omitted)). In a published decision coming down just months ago, the Tenth Circuit also held that, "[v]iolent force is required to sustain a conviction under the Hobbs Act." *United States v. Thomas*, 849 F.3d 906, 909 (10th Cir. Feb. 27, 2017).

The court understands that *Moreno* may be cited only for its persuasive value and that it is not binding precedent. The holding in *Moreno*, however, is not an aberration in holding that a robbery under § 1951 meets the elements definition of § 924(C)(3)(A). Instead, the growing consensus of published decisions from other circuits holds the same as *Moreno*. The Seventh Circuit has held recently:

> The Hobbs Act defines robbery, in relevant part, as the taking of personal property "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Committing such an act necessarily requires using or threatening force. Pressing the opposite view, Anglin asserts that a robber hypothetically could put his victim in "fear of injury" without using or threatening force. This argument is contrary to our precedents.
> In *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016), we considered whether the § 924(c)(3)(A) elements clause encompassed federal attempted armed bank robbery as defined by 18 U.S.C. § 2113(a), (d)—which can be accomplished "by intimidation" or by "assault," with "assault" defined as "an intentional attempt to inflict or threat to inflict, bodily injury … that creates in the victim a reasonable fear or apprehension of bodily harm" and that "may be committed without actually touching, striking, or injuring the other person." *Id*. at 908–09. We answered yes, reasoning that a "victim's fear of bodily harm is necessarily fear of violent physical force." *Id*. at 909.
> We also held in *Armour* that Indiana robbery, which similarly can be accomplished by "putting any person in fear," satisfied the identical "use, attempted use, or threatened use of physical force" requirement in § 4B1.2(a)(1) of the Sentencing Guidelines. 840 F.3d at 907. In so holding, we rejected the argument that Anglin makes here, that " 'putting any person in fear' does not necessarily involve 'the use,

8

> attempted use, or threatened use of physical force against the person of another.'" *Ibid*. And we rejected similar arguments in *United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016) ("In the ordinary case, robbery by placing a person in fear of bodily injury under Indiana law involves an explicit or implicit threat of physical force and therefore qualifies as a violent felony under § 924(e)(2)(B)(i)."), and in *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005) (equating "the use, attempted use, or threatened use of physical force" with "putting any person in fear" of physical injury).
>
> For these reasons, Hobbs Act robbery is a "crime of violence" within the meaning of § 923(c)(3)(A). In so holding, we join the unbroken consensus of other circuits to have resolved this question. *See United States v. Hill*, 832 F.3d 135, 140–44 (2d Cir. 2016); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016); *cf. United States v. Robinson*, 844 F.3d 137, 141–44 (3d Cir. 2016) (holding that Hobbs Act robbery may constitute a § 924(c) "crime of violence" where, as here, the two crimes are contemporaneous, but not deciding whether Hobbs Act robbery categorically fits the elements clause); id. at 150–51 (Fuentes, J., concurring) (concluding that Hobbs Act robbery categorically fits the elements clause). And because Hobbs Act robbery is a crime of violence under § 924(c)(3)'s elements clause, it was a valid predicate for Anglin's § 924(c)(1)(A)(iii) conviction.

*United States v. Anglin*, 846 F.3d 954, 956 (7th Cir. 2017).

The unbroken consensus of other circuits continues to grow with *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017) (Recognizing the holdings in the Third, Eighth, Ninth and Eleventh Circuits, the Fifth Circuit held, "[i]t was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."), *petition for cert. docketed*, No. 16-9034 (May 5, 2017). One month after *Buck*, the Sixth Circuit joined this consensus concluding:

> A conviction under § 1951(b)(1) requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or future." Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or

9

another" as necessary to constitute a crime of violence under § 924(c)(3)(A). The jury therefore convicted defendant of a crime of violence.

>    Other circuits have unanimously acknowledged Hobbs Act divisibility and found that Hobbs Act robbery constitutes a crime of violence. In *United States v. Hill*, the Second Circuit held that the defendant committed "Hobbs Act robbery," and looked to the definition of robbery in § 1951(b)(1) for the elements of the offense. 832 F.3d 135, 138-39 (2d Cir. 2016). The Second Circuit rejected the defendant's argument that one could commit Hobbs Act robbery by "putting the victim in fear of injury" without violence or the threat of violence. *Id.* at 142-43. It further noted that a hypothetical nonviolent violation of the statute, without evidence of actual application of the statute to such conduct, is insufficient to show a "realistic probability" that Hobbs Act robbery could encompass nonviolent conduct. *Id.* at 139-40, 142-43 (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)). Five other circuit courts have reached similar conclusions. *See United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Howard*, 650 Fed.Appx. 466, 467-68 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *cf. United States v. Robinson*, 844 F.3d 137, 141-44 (3d Cir. 2016) (defendant's Hobbs Act robbery conviction is a § 924(c) crime of violence because he was simultaneously convicted of brandishing a firearm during the robbery), *id.* at 150-51 (Fuentes, J., concurring) (Hobbs Act robbery is categorically a crime of violence under § 924(c)).
>    We join our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence.

*United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017), *petition for cert. docketed*, No. 16-9008 (May 5, 2017). To no one's surprise, the decisions within this district and circuit are also against the defendant. *See, e.g., United States v. Davis*, 2017 WL 2306352, at *4 (D. Kan. May 26, 2017)("A Hobbs Act robbery has as an element "the use, attempted use, or threatened use of physical force.") *United States v. Nguyen*, 2016 WL 4479131, at *3-*4 (D. Kan. Aug. 25, 2016)("Hobbs Act robbery may be

considered a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)"); *United States v. White*, 2017 WL 751223, at *1-*2 (D. Kan. Feb. 27, 2017)(relied on *United States v. McGuire*, 2017 WL 429251, at *2 n.2 (10th Cir. Feb. 1, 2017), in holding that federal bank robbery qualifies as predicate offense under the elements clause); *United States v. Francia*, 2017 WL 2266852, at *6 (D.N.M. Feb. 28, 2017) ("Hobb's Act robbery, by its plain terms, has an element the use, attempted use, or threatened use of physical force against the person or property of another." (internal quotation marks and citation omitted)).

In light of the Tenth Circuit decisions of *Moreno* and *Thomas* and of the growing, unbroken consensus of circuit court decisions consistent with *Moreno*, the court denies the defendant's § 2255 motion. Just as was done in *Moreno*, the court concludes that reasonable jurists would not find this assessment of the constitutional claim to be debatable or wrong. 665 Fed. Appx. at 681. Thus, the court will not grant the defendant a COA.

IT IS THEREFORE ORDERED that defendant Harris' motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dk. 186) is denied, and his request for a COA is denied.

Dated this 1st day of June, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge